SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7993 PA (FMOx) | Date | December 1, 2008 |
|---|---|---|---|
| Title | Andrew Clark v. Michael W. Wynne | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

      Before this Court is a Motion for Summary Judgment (Docket No. 14) filed by defendant Michael W. Wynne ("Defendant"). After reviewing the Motion and the Opposition by plaintiff Andrew Clark ("Plaintiff"), it is unclear to the Court that Plaintiff properly pursued and exhausted his administrative remedies. Accordingly, the Court orders the parties to show cause why this action should not be dismissed for lack of subject matter jurisdiction. No later than December 15, 2008, each party shall file briefs no longer than fifteen (15) pages in length addressing the following issues:

1.  This case appears to be a "mixed case," which involves a challenge to a personnel action as well as a claim of employment discrimination. <u>Vinieratos v. U.S. Dep't of the Air Force</u>, 939 F.2d 762, 767 n.2 (9th Cir. 1991). Plaintiff apparently pursued remedies through two separate proceedings—a formal Equal Employment Opportunity ("EEO") Complaint[1] and a Merit Systems Protection Board ("MSPB") Appeal. Generally, a plaintiff cannot pursue a mixed case in two fora, each of which conceivably could have jurisdiction—rather, the plaintiff must choose between them. <u>See id.</u>; see also 29 C.F.R. § 1614.302. Defendant explains that the two underlying proceedings were proper in this case because the MSPB lacks jurisdiction over discrimination claims that are completely divorced from a personnel action otherwise within its jurisdiction. <u>See</u> <u>McAdams</u>, 64 F.3d at 1143. At least from the filings currently before this Court, it does not appear that the discrimination claims articulated in the EEO Complaint(s) are "completely divorced" from the personnel action at issue. Rather, the issues in the two proceedings appear to be

---

   [1]    Plaintiff alleges in his Complaint that he filed formal complaints of discrimination on January 12, 2006 and September 12, 2006. Plaintiff attached to his Complaint a letter and Notice of Rights dated January 23, 2007, referring to Plaintiff's complaint of discrimination (singular) number 9D1S06001P07. In the Answer, Defendant alleges that the September 12, 2006 complaint of discrimination is an amended complaint. However, neither party provided the complaints of discrimination, it is unclear exactly what allegations they encompass and where they were filed.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7993 PA (FMOx) | Date | December 1, 2008 |
|---|---|---|---|
| Title | Andrew Clark v. Michael W. Wynne | | |

          intertwined.[2/]  Accordingly, the parties are ordered to show cause as to why the two separate administrative proceedings were proper.

2. Assuming the Court finds that the two separate administrative proceedings were improper, the parties are ordered to address the effect of that finding on this action.

3. A plaintiff must exhaust his administrative remedies prior to filing a suit in federal court. Vinieratos, 939 F.2d at 772.  The MSPB issued an initial decision dated October 10, 2007, which stated that it would become final on November 14, 2007 "unless a petition for review is filed by that date."  Defendant timely filed a petition for review, thus apparently preventing the October 10, 2007 petition from becoming final.  Plaintiff subsequently filed his federal Complaint in this Court, based on the assumption that the MSPB's initial decision became final on November 14, 2007.  An MSPB final order on the petition for review was issued on May 7, 2008, well after this Complaint was filed.  Accordingly, the parties are ordered to show cause why Plaintiff has not failed to exhaust his administrative remedies.

4. Assuming the Court finds that Plaintiff failed to exhaust his administrative remedies as to the MSPB Appeal, the parties are ordered to address the effect of that failure on any remaining proceedings.

5. On August 3, 2008, after the issuance of the MSPB's final order, plaintiff was promoted and received back pay.  Plaintiff argues in his Opposition that his promotion is temporary (for a period not to exceed January 17, 2009).  The parties are ordered to explain whether any administrative challenge to the temporary nature of Plaintiff's promotion is necessary prior to addresssing this particular issue in this Court.

---

    [2/]     In the Complaint, Plaintiff alleges that he has exhausted his administrative remedies as to his EEO Complaint(s) because there was no final decision on the EEO Complaint(s) within 180 days.  (Complaint, ¶ 5.)  It is unclear what statute Plaintiff relies on for this proposition, although Plaintiff likely relies on 5 U.S.C. § 7702.  In that statute, however, the 180-day period refers to petitions filed before the Equal Employment Opportunity Commission ("EEOC").  See 5 U.S.C. § 7702(e)(1)(C).  This subsection is inapplicable here because Plaintiff did not request EEOC review of his EEO Complaint(s).  Thus, it appears that Plaintiff must rely on 5 U.S.C. § 7702(e)(1)(A) to satisfy the exhaustion requirement.  This subsection permits a plaintiff to file suit in federal court having exhausted his administrative remedies if 120 days elapse without a decision on a discrimination complaint filed with an agency that could be appealable to the MSPB.  See 5 U.S.C. § 7702(e)(1)(A).  In that case, however, the MSPB's jurisdiction is a prerequisite to exhaustion, so it is difficult to see how Plaintiff's EEO Complaint(s) could be "completely divorced" from the MSPB Appeal.

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7993 PA (FMOx) | Date | December 1, 2008 |
|---|---|---|---|
| Title | Andrew Clark v. Michael W. Wynne | | |

The hearing on the Motion for Summary Judgment calendared for December 8, 2008 is continued to January 12, 2008 at 1:30 p.m.

    IT IS SO ORDERED.